From the undisputed facts in the pleadings and the agreed statement of facts filed herein by the parties, it appears that the city council appropriated one hundred dollars of the funds in the city treasury for the work and labor necessary in repairing South Main street, under the direction of the board of public service; that said ordinance further provided that such work and labor should, by said board, be let after competitive bidding to the lowest responsible bidder; that no further order, ordinance or resolution, authorizing the board of public service to make such repairs was passed by council; that the board of public service employed the relator to perform labor with his team in making such necessary repairs at the agreed price of three dollars and a half for one day’s work, but did not make such contract after competitive bidding was had therefor.
The pleadings present three questions for determination:
1. Has the plaintiff the authority to maintain this action without first requesting the city solicitor, and his refusal to do so ?
2. Did the council authorize the board of public service to repair South Main street?
3. If so authorized, did the failure or refusal of the board of public service to let the work to the lowest competitive bidder warrant the city auditor in his refusal to issue his order to the relator for the amount of his claim?
Section 1536-667 of the Revised Statutes reads:
“He (the city solicitor) shall apply in the name of the corporation, to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the cor *690 poration, or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinance governing the same, or wheh was procured by fraud or corruption.”
Sub-section 668 reads:
. “In ease he (the solicitor) fail, upon the request of any taxpayer of the corporation to make the application provided for1 in the preceding section, it shall be lawful for such taxpayer to institute suit for such purpose in his own name, on behalf of the corporation, provided that no such suit or proceeding shall be entertained by such court until such request shall have first been made in writing.”
In case the city solicitor shall neglect to bring such action then such taxpayer may do so in his own name.
The reasons for these sections is to prevent suits in the name of the corporation, without the knowledge of the solicitor, and to prevent costs and attorney fees unnecessarily being taxed against the city.
This section undoubtedly applies to a case where public rights (a taxpayer’s right) are about to be infringed upon by the council or other authorities, and not where an individual is seeking the collection of an account. This action is not brought in the name of the corporation, so I think that the plaintiff had full authority to maintain the action.
Did the council authorize the board of public service to repair South Main street.
On July 12,1904, the council of the city, by ordinance, passed its semi-annual appropriation, as authorized by statute, and amongst other things, appropriated $100 for work and labor necessary in repairing South Main street by the board of public service.
Section 1536-131 of the Revised Statutes provides that— •
“Council shall have the care, supervision and control of public highways and streets and shall cause the same to be kept open and in repair.”
Section 1536-618 reads:
“The powers of council shall be legislative only and it shall perform no administrative duties whatever. * * * All con *691 tracts requiring the authority of council, for their execution, shall be entered into and conducted to performance by the board or officers having charge of matters to which they relate, and after such authority has teen given and the necessary appropriation made, council shall take no further action thereon
Section 1536-675 reads:
“The directors of public service shall be the chief administrative authority of the city and shall manage and supervise all public works.”
Sub-section 676 reads:
“The directors of public service shall supervise the improvement and repair of streets, alleys,” etc.
So that while I think the directors of public service do not have the authority to make improvements until authorized by council and the necessary appropriation is made therefor; yet, in this case, I hold that the ordinance of July 12, 1904, gave such authority and made the appropriation.
Did the failure or refusal of the board of public service to let the work to the lowest competitive bidder justify the city auditor in refusing to issue an order in favor of the relator for his day’s work?
After carefully considering all of the foregoing sections of the Municipal Code, I construe them in the light ■ of and in connection with Section 1536-679, which reads:
“The directors of public service may make any contract or purchase supplies or material or provide labor for any work under the supervision of that department, not involving more than five hundred dollar's. When any expenditure exceeds five hundred dollars, such expenditure shall first be authorized and directed by ordinance of the council, and when so authorized and directed, the directors of public service shall make a written contract with the lowest and best bidder,” etc.
I think the council, after having made the appropriation aforesaid and having authorized the board of public service to cause the repairs to be made, that the board had the authority to employ the relator to perform the labor for which he claims pay, without first letting the contract for the same to the lowest *692 bidder, the amount of such repairs being less than five hundred dollars; that when the council authorize repairs upon streets to be done and make an appropriation therefor, if such repairs do not exceed five hundred dollars, the council is without authority to require the board of public service to let such repairs to the lowest competitive bidder. Such board may do so, and in many cases the interests of the public will be best subserved thereby, but it is within their discretion. In all cases, however, where such repairs will exceed five hundred dollars, the contract must be so let.
Ben S. Johnson, for plaintiff.
8. H. West, for defendant.
The council is the legislative branch of the city’s government and the board of public service is of the executive and administrative branch; the duties and powers of each are such as are authorized by statute and they do not conflict with each other. The city council have the control of the streets; it is their province to direct what repairs are to be made and to make the necessary appropriation therefor, and, having done this, the supervision and manner of doing the work is left to the board of public service, the administrative branch of the city (which board, in making such repairs, in all respects must comply with the statutes).
I think the city auditor, in withholding the order in favor of the relator for the amount claimed, acted without authority. A peremptory order will be entered, directing him to issue the same as prayed for.
A judgment will be entered against the defendant for costs.